# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEQUOIA ELECTRIC, LLC, *et al.*,

    Plaintiffs,

v.

TRUSTEES OF THE LABORERS JOINT TRUST FUND,

    Defendant.

Case No. 2:12-CV-00751-KJD-VCF

**ORDER**

    Defendant Trustees of the Laborers Joint Trust Fund filed a Motion to Dismiss (#6). Shortly thereafter, Plaintiffs Sequoia Electric Underground, LLC, and Sequoia Electric, LLC, filed a First Amended Complaint (#8). Defendant filed a Motion to Vacate (#13) the original Motion to Dismiss and filed a Motion to Dismiss the First Amended Complaint (#14). Plaintiffs filed a Response (#16) and then filed a Motion for Leave to File Second Amended Complaint (#18). Defendant filed a Reply in support of its Motion to Dismiss and an Opposition to the Motion for Leave to File Second Amended Complaint (#24). Plaintiffs filed a Reply in support of their Motion for Leave to File Second Amended Complaint (#26).

## I. Background

Plaintiffs and Defendant are parties to labor agreements ("MLA") which require Plaintiffs to make certain contributions to Defendant. Plaintiffs claim that the Defendant audited Plaintiffs in February of 2010. This audit covered work performed between February 2007, and December 31, 2009. The audit revealed that Plaintiffs owed some contributions, but that they had also overpaid $19,345 in contributions to the Defendant. In June of 2010, Defendant arranged for Plaintiffs to be placed on a list of delinquent contractors as a result of the first audit and held Plaintiffs responsible for liquidated damages, interest, attorneys' fees and $4,863 in audit fees. Plaintiffs paid the amount requested in order to be removed from the list.

Plaintiffs claim that "on or about August 30, 2010, Sequoia Electric Underground requested in writing that it receive both the credit and a reimbursement of the audit fee." This request was rejected by Defendant's counsel, who claimed that the requested money was owed to Defendant.

In late 2011, Defendant again audited Plaintiffs. This second audit showed that Plaintiffs owed $45,698. Plaintiffs aver that this assessment "was based on a mistaken determination of the wage rate for the relevant projects." Again facing the prospect of being placed on the delinquency list, Plaintiffs paid the amount assessed in the second audit under protest on February 10, 2012.

Plaintiffs filed this suit seeking recovery of overpayment under the Employee Retirement Income Security Act ("ERISA") 29 USCS § 1103, and declaratory relief.

## II. Legal Standard

### A. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

III. Discussion

    A. Claims under Section 403(c)

The Ninth Circuit has recognized an employer's right to bring an action under ERISA Section 403(c) to recover contributions paid to a multiemployer pension trust when "such contribution or payment is made by an employer . . . by a mistake of fact or law." 29 USC § 1103(c)(2)(A); Award Serv., Inc. v. N. Cal. Retail Clerks Unions & Food Emp'r Joint Trust Fund, 763 F.2d 1066, 1068 (9th Cir.1985). In addition to showing a mistake of fact or law, the employer must also show that the "equities favor a refund of these contributions." British Motor Car Distrib., Ltd. v. San Francisco Auto. Indus. Welfare Fund, 882 F.2d 371, 374–375 (9th Cir.1989). ERISA permits return of these contributions when an employer requests "within 6 months after the plan administrator determines

that the contribution was made by such a mistake." 29 U.S.C. § 1103(c)(2)(A)(ii); see also British Motor Car, at 882 F.2d 374 Fn. 3("it would appear that no refund can be made under this section without a determination by a plan administrator that a mistake has occurred.")

The Ninth Circuit has held that this provision is not designed to challenge judgments that "go to the decision-making process required of plan fiduciaries in carrying out their duties under ERISA and the Trust Agreement." British Motor Car, at 882 F.2d 376 (actuarial decision that resulted in plan overfunding was not a mistake). However, the Fourth Circuit has noted that the phrase "mistake of fact" is not limited to simple mathematical errors. Teamsters Local 639 v. Cassidy Trucking, Inc., 646 F.2d 865, 867-68 (4th Cir.1981) ("If the phrase had been intended to encompass only arithmetical errors, it would have been a simple matter to make such an intention clear.")

As an initial matter, because Defendant has not yet "determine[d] that the contribution was made by . . . a mistake," the six month limitations period does not apply.  Defendant argues that Plaintiffs' claims fail as a matter of law because they have not alleged a clerical mistake on their part and have not specified the rationale behind the overpayment.  However, Plaintiff's allegation that the first audit revealed an overpayment gives rise to a plausible inference that there was a mistake of fact or law.  Defendant offers nothing to suggest that the alleged overpayment of $19,345, which was discovered by its own auditor, was a result of decision making of plan fiduciaries or something other than a mistake.

Defendant next argues that the funds discovered by the second audit and paid under protest were not paid by mistake, but as a "deliberate choice for [Plaintiffs'] own business reasons." Plaintiffs allege that Defendant mistakenly demanded $45,698 after the second audit, based on a misreading of the MLA.  Plaintiffs' "choice" appears to have been to either pay the disputed amount or be placed on the delinquency list.  Nothing in Section 403(c)(2)(A) suggests that employers facing an erroneous demand for contribution forfeit their right to seek return of overpayments resulting from a plan fiduciary's mistake by making the demanded payment under protest.

Finally, Defendant argues that Plaintiffs have not sufficiently alleged that a balancing of the equities requires a refund.  However, the facts of the complaint plausibly suggest that Plaintiffs have paid Defendant far beyond what was required, including audit fees and other costs.  At the motion to dismiss stage, the Court cannot determine that Plaintiffs will be unable to show that the balance of equities tips in their favor.  Accordingly, Plaintiffs' claims under Section 403(c)(2)(A) survive.

### B. Declaratory Relief

Defendant argues that the declaratory relief claim should be dismissed because declaratory relief is not available for employers under the civil enforcement provisions of ERISA. See 29 USC § 1132(e).  Defendant's argument appears to be supported by good cause and Plaintiffs have failed to provide any authority in opposition to Defendant's argument.  See Local Rule 7-2. Accordingly, the Declaratory Relief claim is dismissed.

### IV.  Motion for Leave to Amend

Fed. R. Civ. P. 15(a)(2) provides that parties may seek leave to amend and that such leave should be "freely given."  Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy–Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir.1962). District courts are directed to apply this rule with "extreme liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.1997).  However, leave to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).  The court may deny leave to amend where amendment would be futile. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.2004).  A proposed amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense. Farina v. Compuware Corp., 256 F.Supp.2d 1033, 1061 (9th Cir.2003) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. Id. (quoting Miller, 845 F .2d at 214). Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009). When the claims in a proposed complaint have not crossed the line from conceivable to plausible, plaintiff's motion to amend must be denied. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (establishing the legal standard for a Rule 12(b)(6) motion to dismiss).

The Court has determined that Plaintiffs' First Amended Complaint adequately states claims for relief under Section 403(c), but fails to adequately state a claim for declaratory relief. Plaintiffs' Second Amended Complaint adds facts which clarify certain issues in this litigation and provide a more detailed chronology of the parties' interactions. Defendant has not shown that it would suffer prejudice if amendment is permitted. Accordingly, the Motion for Leave to Amend is granted as to Plaintiffs' claims under Section 403(c) and denied as to the declaratory relief claim.

V.  Conclusion

**IT IS HEREBY ORDERED THAT** that Defendant's Motion to Vacate (#13) is **GRANTED** and Defendant's Motion to Dismiss (#6) is **VACATED**.

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss the First Amended Complaint (#14) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (#18) is **GRANTED,** except with respect to the claim for declaratory relief.

DATED this 28th day of January 2013.

_____
Kent J. Dawson
United States District Judge